IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2048-F

| | |
|---|---|
| DERRICK T. BAILEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) ORDER ) |
| LARRY DAIL, | ) ) |
| Respondent. | ) ) |

This matter arises from the petition for writ of habeas corpus [DE-1], pursuant to 28 U.S.C. § 2254, filed by Petitioner, a state prisoner proceeding pro se. Presently before the court is Respondent's motion to dismiss [DE-5]. For the following reasons, Respondent's motion to dismiss [DE-5] is ALLOWED, and the petition is DISMISSED.

## I. Background

On August 5, 2003, in the Superior Court of Beaufort County, Petitioner was convicted after a trial by jury of two counts of first degree rape of a child, two counts of taking indecent liberties with a child, and one count of first degree sexual offense of a child. Pet. [DE-1], p. 1. He was sentenced to three consecutive terms of 384 to 470 months imprisonment, with two additional terms of 25 to 30 months to run concurrently. Resp't. Ex. 1 [DE-6-2], pp. 67-76. Petitioner filed a direct appeal with the assistance of counsel, and on May 3, 2005, the North Carolina Court of Appeals found no error in Petitioner's conviction or sentence. State v. Bailey, No. COA04-612, 2005 WL 1018184 (N.C. Ct. App. 2005). Petitioner did not seek further review from the North Carolina Supreme Court.

Petitioner filed his first Motion for Appropriate Relief ("MAR") with the assistance of counsel in Beaufort County Superior Court on November 19, 2005, in which he requested a new sentencing hearing. Resp't. Ex. 15 [DE-9-2]. This MAR was granted, and, on July 12, 2006, Petitioner was re-sentenced to three consecutive sentences of 240 to 297 months imprisonment and two concurrent sentences of 16 to 20 months imprisonment. Resp't. Ex. 6 [DE-6-7]; Resp't Ex. 16 [DE-9-3].

Petitioner filed three additional pro se MARs in Beaufort County Superior Court on October 21, 2010, December 7, 2011, and June 10, 2013. Resp't. Ex. 7 [DE-6-8]; Resp't. Ex. 17 [DE-9-4]; Resp't. Ex. 19 [DE-9-6]. These pro se MARs were denied on February 22, 2011, January 10, 2012, and June 18, 2013, respectively. Resp't. Ex. 8 [DE-6-9]; Resp't. Ex. 18 [DE-9-5]; Resp't. Ex. 20 [DE-9-7]. In addition, the order denying Petitioner's June 10, 2013 MAR enjoined Petitioner from filing any further documents in Beaufort County Superior Court without first obtaining judicial leave to do so. Resp't. Ex. 8 [DE-6-9], p. 4. On July 30, 2013, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals, seeking review of the June 18, 2013 order. Resp't. Ex. 9 [DE-6-10]. This certiorari petition was summarily denied on August 16, 2013. Resp't. Ex. 11 [DE-6-11]. Finally, Petitioner filed a petition for discretionary review with the North Carolina Supreme Court, which was denied on December 18, 2013. Resp't. Ex. 12 [DE-6-13]; Resp't. Ex. 13 [DE-6-14].

The instant petition was filed on March 4, 2014. Pet. [DE-1], p. 14. This court concluded that the petition survived initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts on November 6, 2014 [DE-3] and instructed the Clerk of Court to maintain management of the matter. Respondent filed the instant motion to dismiss on December

2

3, 2014[1] [DE-5] and Petitioner filed a timely response [DE-10]. Accordingly, the matter is now ripe for adjudication.

## II.   Motion to dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

---

[1] On December 5, 2013, Respondent filed a motion for leave to expand the record by filing several additional exhibits in support of his motion to dismiss [DE-8]. For good cause shown, Respondent's motion to expand the record [DE-8] is ALLOWED. The court may consider these exhibits without converting the instant motion to a motion for summary judgment because they are matters of public record. Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) ("Here, the district court was presented with a substantial amount of material from the record of the state habeas proceeding, including affidavits and evidence presented at trial. A court may consider such materials without having to convert the Rule 12(b)(6) motion to one for summary judgment under Rule 56(b)").

3

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that any application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court be filed within one year of the latest of certain dates. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period begins running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The limitation period under section 2244(d)(1) is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. Taylor, 186 F.3d at 560–61. The period between the time a petitioner's conviction becomes final and the time a petitioner files a state application for post-conviction relief counts against the one-year limitation period. See, e.g., Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000); Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998). The statutory period

4

then resumes after the state highest state court denies post-conviction relief to a petitioner. See, e.g., Holland v. Florida, 560 U.S. 631, 638 (2000); Hernandez, 225 F.3d at 438.

Subsection (A) of section 2244(d)(1) requires the court to determine when Petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner's conviction became final on July 26, 2006, fourteen days after his July 12, 2006 re-sentencing. See N.C. R. App. P. 4(a)(2) (providing that notice of appeal may be filed within fourteen days of judgment); Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012). The statutory period then began to run on July 26, 2006, and ran for 365 days until it expired on July 26, 2007. See, e.g., Holland, 560 U.S. at 638; Hernandez, 225 F.3d at 438. Petitioner's subsequently filed pro se MARs do not operate to toll the running of the statutory period. See Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006). Accordingly, absent equitable tolling, the instant petition is untimely.

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland, 560 U.S. at 655. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (quotations omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir.), cert. denied, 549 U.S.

5

1122 (2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. Petitioner does not allege any circumstances that would warrant equitable tolling.

Rather, Petitioner contends that his action is not time-barred because he is actually innocent of the offenses at issue. Pet'r. Mem. [DE-10], p. 2. In McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013), the Supreme Court recognized an actual innocence exception to AEDPA's time limitations. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Further, "claims of actual innocence are rarely successful," Schlup, 513 U.S. at 324, and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

Here, Petitioner has not set forth any new or reliable evidence establishing his actual innocence or any justifiable explanation for his delay in raising his actual innocence claim. Instead, he relies solely on his own self-serving and conclusory allegations. Pet'r. Mem. [DE-10]. Petitioner's conclusory allegations are insufficient to excuse his procedural default. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996); see, e.g., Turner v. Director, Virginia Dept. of Corrections, No. 1:13cv998, 2013

6

WL 6506179, at *3 (E.D. Va. Dec. 6, 2013) ("Here, petitioner's conclusory arguments that new evidence of some ill-defined "fraud" by the Commonwealth undermines the validity of his convictions,[] falls far short of meeting this exacting standard. Therefore, petitioner's reliance on McQuiggin to overcome the untimeliness of this petition is unavailing."), appeal dismissed, 591 F. App'x 217 (4th Cir. 2015). Thus, petitioner's actual innocence claim does not excuse the untimely filing of this § 2254 petition.

### III. Certificate of Appealability

Having determined that Respondent is entitled to summary judgment, the court must now consider whether Petitioner is entitled to a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

After reviewing the petition in light of the applicable standards, the court finds that reasonable jurists would not find the court's treatment of the petition debatable or wrong and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss [DE-5] and motion to expand the record [DE-8] are ALLOWED, and the instant petition is DISMISSED. The court DENIES a certificate of appealability, and the Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 17 day of August, 2015.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge